UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      CASE NO. 01-CR-80361
v.                               HONORABLE GEORGE CARAM STEEH

DANIEL TYRONE MCNEIL,

        Defendant.
_____/

ORDER DISMISSING DEFENDANT'S MOTION TO
VACATE JUDGMENT AND SENTENCE (DOC. #292)
FOR LACK OF SUBJECT-MATTER JURISDICTION

Defendant McNeil was convicted by a jury in this court of bank robbery, in violation of 18 U.S.C. §§ 2 and 2113; carrying or brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) & (ii); and possession of a destructive device in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A) & (B)(ii). After two appeals, McNeil was ultimately sentenced to sixty months of imprisonment for the bank robbery and a consecutive term of thirty years for the other two merged offenses.

McNeil filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on April 4, 2008; the motion was denied on October 14, 2008. McNeil's appeal of that determination, construed by the Sixth Circuit as an application for a certificate of appealability, was likewise denied. Subsequently, on August 2, 2013, McNeil filed a second motion to vacate, set aside, or correct his sentence under § 2255. The court transferred McNeil's motion to the United States Court of Appeals for the Sixth Circuit as a second or successive motion. On December 17, 2014, the Sixth Circuit denied McNeil's

application for authorization to file a second or successive § 2255 motion to vacate his sentence.

Currently before the court is McNeil's motion to vacate his judgment and sentence and for release from prison (Doc. #292). McNeil contends that this court's jurisdiction arises from the All Writs Act, 28 U.S.C. § 1651(a). Although he does not expressly refer to it as such, it appears that McNeil seeks a writ of error coram nobis under the All Writs Act. A writ of error coram nobis is "an extraordinary writ, used only to review errors of the most fundamental character—e.g., errors rendering the proceedings themselves invalid." *Craven v. United States*, 26 F. App'x 417, 419 (6th Cir. 2001) (citation omitted).

Section 1651(a) directs:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the usages and principles of law.

As the Supreme Court has explained, "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (bracket in original) (quoting *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985)). In essence, "[t]he All Writs Act provides the vehicle by which the federal courts may issue writs in exercise of their clearly delineated jurisdiction, but the Act does not amount to an independent jurisdictional grant in the absence of an express statutory grant of subject matter jurisdiction." *Daniels v. United States*, 25 F. App'x 355, 356 (6th Cir. 2002) (citation omitted).

Here, the All Writs Act does not grant the court subject-matter jurisdiction to address McNeil's motion to vacate. Because McNeil's motion collaterally attacks his conviction, 28 U.S.C. § 2255 provides McNeil with the proper avenue for relief, not the All Writs Act. As explained, the All Writs Act allows for jurisdiction only where a writ is not otherwise covered by statute. That is not the case here. McNeil has already filed two motions to vacate under § 2255 that have been addressed by this court and the Sixth Circuit.

Even if the court had subject-matter jurisdiction to address McNeil's motion to vacate under the All Writs Act, McNeil's motion is subject to dismissal because "a prisoner in custody is barred from seeking a writ of error coram nobis" under the All Writs Act. *United States v. McClellan*, 30 F. App'x 340, 342 (6th Cir. 2002) (citations omitted).

For these reasons, McNeil's motion to vacate judgment and sentence is DISMISSED WITHOUT PREJUDICE to his right to request authorization from the Court of Appeals for the Sixth Circuit to file a successive § 2255 motion.

IT IS SO ORDERED.

Dated: June 30, 2015

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 30, 2015, by electronic and/or ordinary mail and also on Daniel Tyrone McNeil #29457-039, FMC Lexington, Federal Medical Center, P. O. Box 14500, Lexington, KY 40512.

s/Barbara Radke
Deputy Clerk