UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v().

DANIEL TYRONE MCNEIL,

    Defendant.
_____/

Case No. 01-80361

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE (ECF NO. 331)

Defendant Daniel Tyrone McNeil seeks compassionate release as a result of statutory changes promulgated in the First Step Act of 2018. For the reasons explained below, the court concludes that McNeil is not eligible for relief.

BACKGROUND FACTS

After a jury trial, McNeil was convicted of bank robbery (in violation of 18 U.S.C. § 2113(a)), using, carrying and brandishing a firearm during and in relation to a crime of violence (in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii)), and aiding and abetting the use and carrying of a destructive device during and in relation to a crime of violence (in violation of 18 U.S.C. § 924(c)(1)(A) and (B)(ii)). The court ultimately sentenced him to sixty

-1-

months of imprisonment for the bank robbery and a consecutive term of thirty years for the two § 924(c) offenses, which were merged. The Sixth Circuit affirmed McNeil's conviction and 35-year sentence. ECF No. 210. McNeil has served approximately 19 years of his sentence and his projected release date is March 13, 2031. McNeil requests that the court reduce his sentence to time served.

## LAW AND ANALYSIS

I. Legal Standard

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One limited exception to this rule is known as "compassionate release." The court's authority to grant Defendant's request for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the Bureau of Prisons or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion; (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has

considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

"Extraordinary and compelling reasons" for a sentence reduction are set forth in USSG § 1B1.13 and the accompanying application notes. These reasons include medical conditions such as a terminal illness or a serious physical or cognitive impairment, the advanced age and poor health of the defendant, or the death of the caregiver for the defendant's children. USSG § 1B1.13, cmt. 1. Pertinent here, there is also a "catch-all" provision encompassing "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons."[1] *Id.* In addition to demonstrating extraordinary and compelling reasons, the defendant must not be a danger to the safety of any other person or to the community and the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* USSG § 1B1.13.

---

[1] This policy statement is consistent with the previous procedure for seeking compassionate release, which required the BOP to seek relief on behalf of a defendant. The First Step Act amended the procedure so that defendants could file motions for compassionate release themselves. Given this change, some courts have concluded that they are not limited to considering reasons "[a]s determined by the Director of the Bureau of Prisons." *See, e.g., United States v. Maumau*, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020) ("Under the First Step Act, it is for the court, not the Director of the Bureau of Prisons, to determine whether there is an 'extraordinary and compelling reason' to reduce a sentence.").

II.     Exhaustion

On April 10, 2020, McNeil submitted a request seeking compassionate release to the warden of his facility. He states that he did not receive a response within thirty days. Accordingly, as the government appears to acknowledge, McNeil has satisfied the exhaustion requirement and the court may consider his motion. *See United States v. Alam*, __ F.3d __, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

III.    Extraordinary and Compelling Reasons

McNeil argues that extraordinary and compelling reasons support compassionate release because (1) the First Step Act amended 18 U.S.C. § 924(c) to preclude the "stacking" of sentences for multiple violations of § 924(c) charged in the same indictment; (2) his sentence is excessive; and (3) he has demonstrated rehabilitation. McNeil contends that under the First Step Act, he would have received a shorter sentence if he were sentenced today.

Some courts have determined that the First Step Act's amendment eliminating the stacking of 25-year sentences under § 924(c)(1)(C) constitutes an extraordinary and compelling reason justifying compassionate release under § 3582(c)(1)(A). *See, e.g., United States v. Maumau*, 2020 WL 806121 (D. Utah Feb. 28, 2020); *United States v.*

*Decator*, 2020 WL 1676219 (D. Md. Apr. 6, 2020).  However, these decisions do not support compassionate release in McNeil's case, because he was not sentenced under § 924(c)(1)(C), and the First Step Act amendments did not modify the statutory provisions under which he was sentenced.  The First Step Act amended 18 U.S.C. § 924(c)(1)(C), which previously allowed multiple "stacked" 25-year sentences for successive violations of § 924(c) charged in the same indictment.  *See Deal v. United States*, 508 U.S. 129 (1993); First Step Act of 2018, Pub. L. No.115-391, § 403, 132 Stat. 5194, 5221-22 (2018).  McNeil was not sentenced to any "stacked" terms under § 924(c)(1)(C).  Rather, he was sentenced to the mandatory minimum 30-year sentence for using a destructive device during a crime of violence, under § 924(c)(1)(B)(ii).  The First Step Act did not change the penalty set forth in this provision.  Therefore, neither the alleged change in the law nor McNeil's lengthy sentence constitute an extraordinary and compelling reason supporting compassionate release.

    McNeil also suggests that his rehabilitation weighs in favor of compassionate release.  Although the court commends McNeil's efforts, it is precluded from granting compassionate release based upon rehabilitation alone.  28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").  Because McNeil

has not articulated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i), he is not eligible for compassionate release.

## CONCLUSION

IT IS HEREBY ORDERED that McNeil's motion for compassionate release (ECF No. 331) is DENIED.

Dated:  June 23, 2020

>   s/George Caram Steeh
>   GEORGE CARAM STEEH
>   UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 23, 2020, by electronic and/or ordinary mail and also on Daniel T. McNeil #29457-039, FMC Lexington, Federal Medical Center, P.O. Box 14500, Lexington, KY  40512.

s/Brianna Sauve
Deputy Clerk